```
                            FILED
                    CLERK, U.S. DISTRICT COURT

                          OCT 29 2014

                 CENTRAL DISTRICT OF CALIFORNIA
                                       DEPUTY
```

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

JOHN MANUEL SOLIS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. **SA CV 14-00810-GHK**
(SACR 97-00028)

**ORDER DENYING (1) MOTION PURSUANT TO 28 U.S.C. SECTION 2241 AND (2) DENYING CERTIFICATE OF APPEALABILITY**

This matter is before us on Petitioner's Motion pursuant to 28 U.S.C. Section 2241. We have considered Petitioner's Motion, the Government's opposition, styled as a Motion to Dismiss, and Defendant's Reply. We rule as follows:

Preliminarily, Petitioner incorrectly claims that his Motion is brought pursuant to 28 U.S.C. Section 2241 ("Section 2241"). "[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). "In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). "Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or

ineffective to test the legality of his detention." Hernandez, 204 F.3d at 865 (internal quotation marks omitted); see also 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."). The Ninth Circuit has explained that a remedy qualifies as inadequate or ineffective for purposes of 28 U.S.C. § 2255 ("Section 2255") only "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008); see Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

In support of his argument that he may bring his Motion pursuant to Section 2241, Petitioner asserts that he is actually innocent of the sentencing enhancement imposed by the Court. (See Mot. at 2-6; Reply at 1 ("Petitioner is allowed to file his § 2241 Motion based on the 'safety clause' insofar as he is 'actually innocent' of the predicate enhancement as applied to his case. As pled, Petitioner pled guilty to only 'transporting' in the underlying state offense, and cannot be enhanced for 'transportation.' Therefore, he is in fact, actually innocent of the enhancement used within his underlying Federal offense.").) To satisfy the actual innocence requirement of Section 2241, a petitioner must show factual innocence. See Marrero v. Ives, 682 F.3d 1190, 1192-93 (9th Cir. 2012); Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012); House v. United States of America, No. CV 13-0583 GHK (SS), 2013 WL 4602435, at *3-4 (C.D. Cal. Aug. 27, 2013). Mere legal insufficiency does not meet this standard. Muth, 676 F.3d at 819. Moreover, the Ninth Circuit has expressly rejected a petitioner's argument that he was actually innocent of a career offender sentencing enhancement because it did not meet the threshold requirement of factual innocence of Section 2241. Marrero, 682 F.3d at 1193 ("Whatever the merits of Petitioner's argument that he would not qualify as a

career offender were he to be resentenced under the post-2007 Guidelines, his claim is not one of actual innocence.") Here, Petitioner does not allege that he did not commit the acts underlying his conviction, much less provide any evidence to prove his factual innocence. We reject Petitioner's claim that he may seek relief under Section 2241 because he is claiming actual innocence, as he fails to demonstrate factual innocence. See Marrero, 682 F.3d at 1193; Muth, 676 F.3d at 819. Petitioner may proceed only pursuant to Section 2255, and we construe his Motion as one brought under Section 2255.[1]

This is Petitioner's second attempt to collaterally challenge his conviction and sentence: Petitioner filed his first Section 2255 motion on June 8, 2000 in his criminal case number 8:97-CR-00028-AHS and in civil case number 8:00-CV-00566-AHS. The Court, the Honorable Alicemarie H. Stotler, denied Petitioner's first Section 2255 motion on the merits on October 30, 2000. A second or successive motion brought pursuant to Section 2255 must be certified "by a panel of the appropriate court of appeals to contain – (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Petitioner has not demonstrated that he has sought and obtained the requisite certification from the Ninth Circuit Court of Appeals to pursue his second Section 2255 Motion.

Instead, Petitioner claims that the Supreme Court's decision in Descamps v. United States, 133 S. Ct. 2276 (2013), announced a new rule of constitutional law that it made retroactive, such that Petitioner will prevail on the merits of his second Section

---

[1] As Petitioner fails to demonstrate the first of two mandatory elements to qualify for relief pursuant to 28 U.S.C. Section 2241, we need not address whether Petitioner has satisfied the second element, i.e., that he has not had an unobstructed procedural shot at presenting his claim.

2255 Motion. (See Reply at 1-2.) Even if Petitioner is correct that the Descamps decision announced a new rule of constitutional law made retroactive by the Supreme Court, which we doubt[2], we are without jurisdiction to consider Petitioner's arguments. See United States v. Wash., 653 F.3d 1057, 1065 (9th Cir. 2011) (holding that "the district court was without jurisdiction to entertain [the petitioner's] successive . . . § 2255 motion" where the petitioner had failed to obtain a certificate from the Ninth Circuit). Petitioner must first direct his arguments to the Ninth Circuit to obtain a certificate authorizing us to entertain this second and successive Section 2255 Motion, pursuant to 28 U.S.C. § 2255(h).

Accordingly, Petitioner's Motion is DENIED WITHOUT PREJUDICE for lack of jurisdiction because it is a second and successive Section 2255 motion which was filed without Ninth Circuit authorization. To the extent Petitioner seeks a certificate of appealability, such request is denied. A certificate of appealability shall not issue.

---

[2] See, e.g., Turner v. Milusnic, No. CV 14-00746-MAN, 2014 WL 4449918, at *10-11 (C.D. Cal. Sept. 10, 2014) (concluding that Descamps did not announce a new rule of constitutional law); United States v. Swift, No. 3:14-CV-00772-JO, 2014 WL 2548110, at *2 (D. Or. June 3, 2014) (same); Harr v. United States, No. 14-cv-1152, 2014 WL 1674085, at *3 (C.D. Ill. Apr. 28, 2014) (same); United States v. Glover, No. 05-CR-0111-CVE, 2013 WL 4097915, at *3 (N.D. Okla. Aug. 13, 2013) (same); Lockett v. Ives, No. CV 14-5366-PSG (AGR), 2014 WL 4060176, at *3 (C.D. Cal. Jul. 23, 2014) (concluding that Descamps is not retroactive on collateral review), adopted by 2014 WL 4060213 (C.D. Cal. Aug. 15, 2014); Reed v. McGrew, No. CV 14-1430-JLS (AGR), 2014 WL 2969701, at *4 (C.D. Cal. Apr. 10, 2014) (same), adopted by 2014 WL 2970031 (C.D. Cal. Jun. 30, 2014); United States v. Martin, No. 4:03-CR-61-MW-GRJ, 2014 WL 3845879, at *1-2 (N.D. Fla. Jul. 7, 2014) (same, collecting cases); Randolph v. United States, CV No. CCB-13-1227, 2013 WL 5960881, at *2 (D. Md. Nov. 6, 2013) (same); Roscoe v. United States, No. 2:11-CR-37-JHH-RRA, 2013 WL 5636686, at *11 (N.D. Ala. Oct. 16, 2013) (same); Landry v. United States, No. A-13-CV-715 LY, 2013 WL 5555122, at *2 (W.D. Tex. Oct. 4, 2013) (same).

1  **IT IS SO ORDERED.**

3  DATED: October 29, 2014

_____
GEORGE H. KING
Chief United States District Judge